IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD A. PERALES, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-1074-CFC |
| PROCTOR AND GAMBLE MANUFACTURING COMPANY and ASTRA ZENECA PHARMACEUTICAL COMPANY, | : |
| Defendants. | : |

Richard A. Perales, FMC Rochester, Rochester, Minnesota, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 12, 2020
Wilmington, Delaware

CONNOLLY, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Richard A. Perales ("Plaintiff"), a civilly committed individual at FMC Rochester in Rochester, Minnesota, filed this action pursuant to "Title 15 15 U.S.C. Section 1102 and 63 A AM 2d and under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth . . . Amendments." (D.I. 2 at 4) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court dismissed the original complaint and gave Plaintiff leave to amend. (D.I. 8, 9) He filed an Amended Complaint on January 30, 2020. (D.I. 12) The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

Plaintiff alleges that while housed at FCI-Rochester, over the past ten years he has been medicated with Haldol and suffered injuries "due to product liability." (D.I. 12 at 1) The Amended Complaint also refers to due process under the Fifth and Fourteenth Amendments. (*Id.* at 3) Plaintiff alleges he has "suffered irreparable and irreversible injury to his mind which includes thoughts of suicide, audi[o] and visual hallucinations, [and] delusions." (D.I. 12 at 1). He seeks five million dollars in compensatory damages and double that amount in punitive damages. (*Id.* at 3)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir.

1

2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The Amended Complaint did not cure Plaintiff's pleading deficiencies. Like the original Complaint, the Amended Complaint's assertions of alleged wrongdoing by Defendants consist of conclusory statements and amount to nothing "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. "Mere conclusory statements, do not suffice." *Id.* The Complaint simply does not meet the pleading requirements of *Twombly* and *Iqbal*. Accordingly, it will be dismissed.

To the extent the Amended Complaint realleges due process violations, the claims will be dismissed as frivolous. As explained in the Court's November 26, 2019 memorandum (D.I. 8), to state a cause of action under 42 U.S.C. § 1983—the statutory provision that provides for civil actions when alleging a violation of constitutional rights—a plaintiff must allege facts sufficient to indicate that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). The federal counterpart to a § 1983 claim arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). A "*Bivens* action" is a "judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." *Banks v. Roberts*, 251 F. App'x 774, 775 (3d Cir. 2007).

The Amended Complaint does not state a § 1983 claim or a *Bivens* claim. There are no allegations that Defendants are state actors or federal actors.

4

Plaintiff was provided an opportunity to amend to cure his pleading defects, yet he failed to do so. Because Plaintiff made no attempt to remedy the defects in his complaint, despite notice and his familiarity with the pleading requirements, granting him an opportunity to further amend his complaint would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d at 108 and *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

## V. CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate Order will be entered.

5