# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD A. PERALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1074-CFC |
| | ) |
| PROCTOR AND GAMBLE COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this Seventh day of May in 2021, having considered this matter for the limited purpose of whether Plaintiff is entitled to relief under Federal Rules of Appellate Procedure 4(a)(5) as directed by the United States Court of Appeals for the Third Circuit;

1. On May 12, 2020, the Court dismissed the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The memorandum opinion and order was mailed to Plaintiff that day. (D.I. 13, 14) On June 25, 2020, the Court received a letter from Plaintiff dated June 20, 2020 that stated: "[T]he officers are stopping out-going mail. The mail is not getting out in time. They are obstructing justice." (D.I. 15) Plaintiff's notice of appeal was docketed on October 21, 2020, *Perales v. Proctor and Gamble*, No. 20-3145 (3d Cir.).

2. On March 25, 2021, the United States Court of Appeals for the Third Circuit remanded this matter for the limited purpose of determining whether Plaintiff's June 25, 2020 letter entitles him to relief under Federal Rule of Appellate Procedure 4(a)(5). (D.I. 19)

3. Rule 26(b)(1) of the Federal Rules of Appellate Procedure provides that a court may extend the time to file a notice of appeal only as authorized under Fed. R. App. P. 4. Under

1

Rule 4(a)(5), the Court can extend the time if the plaintiff moves within 30 days after the expiration of the time to appeal and shows good cause or excusable neglect. *See* Rule 4(a)(5).

4. The Court issued its Order dismissing the Amended Complaint on May 12, 2020. Accordingly, Plaintiff's time to appeal expired on June 11, 2020. *See* Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(5)(A)(i), Plaintiff had another 30 days, until July 13, 2020, to file a timely Rule 4(a)(5) motion.[1]

5. The Court construes the June 25, 2020 letter as a motion to extend the time to appeal. (D.I. 15) The motion was timely because it was filed before July 13, 2020.

6. Under Rule 4(a)(5)(A)(ii), the Court must also determine whether Plaintiff has demonstrated excusable neglect or good cause. Factors to consider in determining whether excusable neglect exists include: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See In re Diet Drugs Product Liability Litigation*, 401 F.3d 143, 153-54 (3d Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993)). As for determining if there is good cause to grant an extension, the "good cause standard applies in situations in which there is no fault - excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii) Advisory Committee Note (2002 amendments).

7. The Court concludes that there is good cause for granting an extension, and that

---

[1] The exact date fell on a weekend, Saturday, July 11, 2020, and thus Plaintiff had until Monday, July 13, 2020 to file the motion.

excusable neglect has been shown, as the *Pioneer* factors weigh in favor of granting Plaintiff's motion. More specifically, any delay is not attributable to Plaintiff. He has no control over the outgoing mail procedures in the mailroom. When he learned that mail was not going out on time, he made a good faith effort in filing his motion without delay. Also, nothing indicates that Defendants will be prejudiced by permitting Plaintiff to file a late notice of appeal. Finally, denying the motion would produce a harsh result for Plaintiff, who again, had no control over the delay. Therefore, the Court will grant the motion for an extension of time to file a notice of appeal.

**THEREFORE, IT IS ORDERED** that:

1. The letter/motion for an extension of time appeal is **GRANTED**. (D.I. 15)

2. No new notice of appeal is needed. (*See* D.I. 19)

                                                            _____
                                                           UNITED STATES DISTRICT JUDGE